**IN THE UNITED STATES DISTRICT COURT**
**SOUTHISN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **KIM MATTHEW BREAUX,** | § | |
| *PETITIONER* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 2:24-cv-226** |
| | § | |
| **LOWE'S COMPANY INC.; LOWE'S** | § | |
| **HOME CENTERS, LLC; LF, LLC; AND** | § | |
| **LOWE'S HOME IMPROVEMENT, LLC** | § | |
| *RESPONDENT* | § | **JURY TRIAL REQUESTED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, **KIM MATTHEW BREAUS**, hereinafter referred to by name or as Plaintiff, and files this his Original Petition complaining of **LOWES' COMPANY INC.**, hereinafter referred to by name or as Defendant, and for cause of action would show unto the court the following:

### I.
### PARTIES

Plaintiff **KIM MATTHEW BREAUX** (DL No. xxxxx911, SSN xxx-xx-x833) is an individual residing in San Patricio County, Texas.

Defendant **LOWE'S COMPANIES INC.** is a domestic for-profit corporation with its headquarters at 1000 Lowe's Blvd., Suite NB4TA, Mooresville, NC 28117-8520. Defendant Lowe's Companies, Inc., may be served with process through its registered agent, Corporation Service Company, 211 E. Seventh Street, Suite 620, Austin, Texas 78701.

Defendant **LOWE'S HOME CENTERS LLC.** is a domestic for-profit corporation with its headquarters at 1000 Lowe's Blvd., Suite NB4TA, Mooresville, NC 28117-8520. Defendant

Lowe's Companies, Inc., may be served with process through its registered agent, Corporation Service Company, 211 E. Seventh Street, Suite 620, Austin, Texas 78701.

Defendant **LF, LLC** is a domestic for-profit corporation with its headquarters at 2301 Annand Drive, Wilmington, DE 19808. Defendant LF, LLC may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, New Castle, DE 19808

Defendant **LOWE'S HOME IMPROVEMENT, LLC,** is a domestic for-profit corporation with its headquarters at 1000 Lowe's Blvd., Suite NB4TA, Mooresville, NC 28117-8520. Demay be served with process at Corporation Services Company, 2626 Glenwood Avenue, Suite 550 Raleigh, NC 27608-1370.

## II.

## JURISDICTION & VENUE

This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds **SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00)**.

Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because all or a substantial part of the acts or omissions forming the basis of these claims occurred in the Southern District of Texas.

Plaintiff requests a jury trial. The fee for the jury trial has been submitted with the filing of this suit.

## III.
## FACTS

On or about July 7, 2023, Plaintiff **KIM MATTHEW BREAUX** was shopping at the Lowe's located 150 South FM 1069, Aransas Pass, San Patricio County, Texas, and was pulling out drawers filled with sockets and wrenches when the drawer fell. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

While upon Defendant's premises, Plaintiff suffered serious and permanent bodily injuries as a result of the incident proximately caused by a dangerous condition on the premises which Defendant, their agents, servants and employees knew or, in the exercise of ordinary care, should have known existed and failed entirely in their duty to warn Plaintiff of the dangerous condition.  Thise were no warning signs in this area to warn invitees of the dangerous condition, nor were there protection barricades to prevent injuries to invitees such as Plaintiff. Plaintiff further alleges that the Defendant negligently caused and negligently permitted such condition to exist and negligently failed to warn Plaintiff of the condition, despite the fact that the Defendant knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was likelihood of someone being injured as a result of that condition.  The drawer that contained the sockets and wrenches was not tied down or otherwise secured. Plaintiff was in no manner warned of the existence that they would fall out on him.

.       More specifically, the Defendant had actual or constructive knowledge of the condition on the premises, that the condition posed an unreasonable risk of harm, that the Defendant did not exercise reasonable care to reduce or eliminate the risk, and that the Defendant's failure to use such care proximately caused the Plaintiff's injuries. Defendant, based on reasonable inquiry

was responsible for the drawer's installation, maintenance and upkeep and allowed the cabinet to exist in an unsafe manner.

### IV.
### CAUSES OF ACTION

**A.    NEGLIGENCE**

The occurrence made the basis of this suit, reflected in paragraphs 8-10, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of one or more of the Defendants, individually and/or by and through their officers, employees, representatives, and agents, who were cutting and measuring fabric in a negligent manner because they violated the duty which they owed to the Plaintiff to exercise ordinary care in the execution of their duties so as not to create a hazardous, dangerous, and/or unsafe shopping environment for Lowe's customers. Plaintiff would further show that said employees owed Plaintiff a duty to use ordinary care in the operation of Lowe's display equipment.  Finally, Plaintiff would show that said employees owed Plaintiff a duty to refrain from engaging in actions or activities that would foreseeably result in bodily injuries to customers or other employees.

Plaintiff would show that the **LOWE'S COMPANY INC., LOWE'S HOME CENTERS, LLC; LF, LLC; AND LOWE'S HOME IMPROVEMENT, LLC** through their officers, employees, representatives, and agents in question, breached the foregoing duties in one or more of the following respects:

    a.    Engaging in dangerous and/or unsafe activities that would foreseeably result in harm to Plaintiff and others.

    b.    Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendant's premises.

c.      Failure to inspect the floor displays and properly maintain them.

d.      Allowing a dangerous condition to exist.

e.      Failing to provide for the safety of Plaintiff under the circumstances.

f.      Failing to warn invitees, including the Plaintiff, that the area in question should be approached with caution.

g.      Negligently maintaining the area in question in such a way to constitute negligent activity.

h.      Failing to warn invitees, including the Plaintiff, that these was a dangerous condition which required extra care while looking for items to buy.

i.      Failing to maintain the premises in a safe condition for Plaintiff and other invitees; and

j.      Failing to remove the dangerous condition or warn of its existence.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.    PREMISES LIABILITY**

Pleading in the alternative, on or about July 7, 2023, Defendants **LOWE'S COMPANY INC.; LOWE'S HOME CENTERS, LLC; LF, LLC; AND LOWE'S HOME IMPROVEMENT, LLC** was in possession of the premises located at 150 South FM 1069, Aransas Pass, San Patricio County, Texas, which forms the basis of this suit. The Plaintiff was an invitee on the premises because he entered the Defendants' premises with Defendants.' knowledge and for the economic benefit of Defendants. As such, Defendants owed Plaintiff a duty of ordinary care to adequately warn him of conditions on the premises posing an unreasonable risk of harm or to make the condition safe. Defendants knew or should have known that the tool display drawers were broken whose Plaintiff was present, such that it

created a dangerous condition, posing an unreasonable risk of harm to the Plaintiff or others similarly situated. However, Defendants breached their duty of ordinary care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the condition safe. Plaintiff seeks all applicable damages available under Texas law.

Each and all the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit and was a proximate cause of Plaintiff's injuries and damages.

### C.   RESPONDEAT SUPERIOR

At all times material hereto, all the agents, servants, and/or employees for Defendants, who were related to the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.  Therefore, Defendants are further liable for the negligent acts and omissions of their employees under the doctrine of *Respondeat Superior*.

Each and all the foregoing acts and or omissions of the agents, servants, and/or employees for Defendants were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit and was a proximate cause of Plaintiff's injuries and damages.

### D.   GROSS NEGLIGENCE

Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rathis, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or other similarly situated.  Specifically, Defendants did not safeguard premises as set forth

hereinabove, further; **KIM MATTHEW BREAUX** was injured because Defendants were negligent and grossly negligent in having:

a)      No warning signs, tape, or barriers.

b)      No on-ground employee to warn customers or assist employees; and

c)      Improper display of goods.

The acts and/or omissions by Defendants outlined in Paragraphs 8-10 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE.  Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## V.
## DAMAGES

As a direct result of the conduct of Defendants and its agents, servants, and employees, Plaintiff suffered severe injuries to his body, more specifically to his shoulder.

These injuries are permanent in nature.  The injuries have had a serious effect on the Plaintiff's health and wellbeing.  Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for his entire life.  These specific injuries and their ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of the deterioration of his

body for long in to the future if not for the balance of his natural life.  As a result of the nature and consequences of his injuries, Plaintiff has suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.  By reason of all the above Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court and for which this lawsuit is brought.  If it is shown, by store video or otherwise that Plaintiff does no initially, after the incident appear to be injured or display pain and/or suffering from the incident, Plaintiff would show that after an incident such as the one at Lowe's Plaintiff's body naturally produces adrenalin, which is one of the strongest pain killers and serves to prevent the immediate onset of conditions that would otherwise result from the incident.  These naturally occurring conditions become apparent to Plaintiff later, after the adrenaline left Plaintiffs body.  It is unknown the amount of adrenaline that was produced by Plaintiff resulting from the incident or that exact manner in which it affected Plaintiff as adrenaline affects different people in different ways and its affects may vary in time.   As  a  further result of all the above, Plaintiff has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for the services.

As a further result of the injuries sustained by Plaintiff, there is reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

Because of the injuries sustained by Plaintiff **KIM MATTHEW BREAUX**, he has lost the power to move from place to place.  In all reasonable probability, this disability will cause his to suffer long into the future, if not for the balance of his natural life, all to the damage in an amount that is within the jurisdictional limits of this Court for which he now

sues.

By reason of all the above, Plaintiff **KIM MATTHEW BREAUX** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

Plaintiff affirmatively pleads that she seeks monetary relief in the maximum amount allowed by the court excluding costs, pre-judgment interest and attorneys' fees. Plaintiff further seeks mitigated exemplary damages for Defendants' grossly negligent conduct, in an amount not less than three (3) times Plaintiff's actual damages and or in such an amount as may be allowed by law.

## VII.
## INTEREST

Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury. Plaintiff acknowledges payment on this date of the required jury fee.

## IX.
## PRAYER

**WHISEFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.   Pain and suffering in the past.
2.   Pain and suffering in the future.
3.   Mental anguish in the past.
4.   Mental anguish in the future.
5.   Past medical expenses.
6.   Future medical expenses.
7.   Physical impairment in the past.
8.   Physical impairment in the future.
9.   Physical disfigurement in the past.
10.  Physical disfigurement in the future.
12.  Property damage.
13.  Loss of use.
14.  Pre-judgment interest.
15.  Post-judgment interest; and
16.  Exemplary damages

Respectfully Submitted,

**WILLIAMS ATTORNEYS, PLLC**

By: /s/ *Sean Williams*
**JUSTIN L. WILLIAMS**
SBN: 21555800
**SEAN WILLIAMS**
SBN: 24103990
**RYAN WILLIAMS**
SBN: 24103989
**DALILA RAMOS**
SBN: 24128863
500 N. Water Street, Suite 500
Corpus Christi, TX 78401
Telephone: (361) 885-0184
Facsimile: (361) 885.0309
Service Email: service@williamstrial.com

**ATTORNEYS FOR PLAINTIFF**